# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JASON DONNER, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. |
| FOX NEWS NETWORK, LLC, a Delaware Limited Liability Company, | ) |
| Defendant. | ) |

## DEFENDANT FOX NEWS NETWORK, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendant Fox News Network, LLC ("FNN") hereby notices removal of the above-captioned civil action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. In support of removal, FNN states as follows:

### NATURE OF THE REMOVED ACTION

1.  In this action, Plaintiff Jason Donner—a senior adviser to Republican Congressman Brian Fitzpatrick (R – PA)—alleges that Defendant FNN discriminated and retaliated against him because of his "political affiliation," resulting in his allegedly wrongful termination. He adds that the same termination violated the D.C. Sick and Safe Leave Act. Before September 2022, Plaintiff worked in FNN's Capitol Hill newsroom for approximately 12 years. Compl. ¶¶ 1, 35.

2.  On September 27, 2023, Plaintiff filed a Complaint and Jury Demand in the Superior Court of the District of Columbia naming FNN as the action's only defendant ("the

Superior Court Action"). Ex. 1. Plaintiff seeks, inter alia, compensatory damages, punitive damages, equitable relief, pre- and post-judgment interest, costs, and attorney's fees. Compl. ¶ 67.

3. On October 16, 2023, FNN received service of the Complaint and Jury Demand and a Summons, which Plaintiff sent by certified mail on October 13, 2023. FNN subsequently received an Initial Order and Addendum, resetting the dates for an initial conference in the Superior Court, and a Declaration of Proof of Service. True and correct copies of each of those papers are attached as Exhibits 2 - 4.

4. After noticing their appearances in the Superior Court Action, Exhibits 5-7, the undersigned counsel for FNN held an initial call to introduce themselves to Plaintiff's counsel, at which point the Parties' agreed to a reasonable extension for FNN to file a responsive pleading, up to and including December 6, 2023. During that discussion, Plaintiff's counsel requested and FNN's counsel agreed that if and when FNN moved to dismiss, FNN would agree to a forthcoming request for a reasonable extension to respond to that motion – should Plaintiff's counsel deem it necessary to request one. Accordingly, on November 1, 2023, FNN filed a consent motion for the Superior Court to extend its time to file a responsive pleading through December 6, 2023, which the Superior Court granted on November 3, 2023. True and correct copies of those papers are attached as Exhibits 8-9.

5. All process, pleadings, and orders that have been served upon FNN in the Superior Court Action are attached to this Notice.

**GROUND FOR REMOVAL: DIVERSITY JURISDICTION**

6. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also id.* § 1451(1) ("State court" includes D.C. Superior Court).

7. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

## COMPLETE DIVERSITY EXISTS

8. For diversity purposes, "a person is a 'citizen of the State' in which he is domiciled." *Core VCT PLC v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014) (quoting *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984)). "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

9. Because Plaintiff "is an individual residing in the Commonwealth of Virginia," Compl. ¶ 5, for purposes of establishing diversity jurisdiction, Plaintiff is a citizen of Virginia.

10. As relevant to FNN, "an LLC is deemed a 'citizen of the jurisdiction of its members.'" *Laroach v. BridgePoint Healthcare, LLC*, No. 18-CV-1096, 2018 WL 6434768, at *1 (D.D.C. Dec. 7, 2018) (quoting *Shulman v. Voyou*, 305 F. Supp. 2d 36, 40 (D.D.C. 2004)).

11. FNN is a Delaware limited liability company. That entity's sole member is Fox Television Stations, LLC, a Delaware limited liability company. That entity's sole member is Fox Television Holdings, LLC, a Delaware limited liability company. That entity's sole member is Foxcorp Holdings, LLC, a Delaware limited liability company. That entity's sole member is Fox Corporation.

12. "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. As plaintiff acknowledges, Fox Corporation is "a Delaware Corporation with its principal place of business in New York." Compl. ¶ 6. Accordingly, FNN is a citizen of Delaware and New York.

14. Complete diversity exists because Plaintiff and Defendant are citizens of different states.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. Pursuant to 28 U.S.C. § 1446(c)(2)(A), because the Complaint in the Superior Court Action seeks both nonmonetary relief and a money judgment without stating a specific sum, FNN states that the amount in controversy exceeds $75,000, exclusive of interests and costs.[1]

16. Although Plaintiff's Complaint in the Superior Court Action does not include a precise amount demanded, the Complaint repeatedly alleges that Donner has been damaged in several ways, under several theories, and seeks several forms of relief, including, for example, "damages to compensate Plaintiff for any and all economic losses suffered by Plaintiff, including lost future wages and lost future earning capacity," "compensatory damages to compensate for the mental anguish, humiliation, damage to reputation, loss of life's pleasures, lost earnings, and emotional distress," and "punitive damages in an amount sufficient to punish Defendant." Compl. ¶¶ 42, 47; *see also id.* ¶ 55 (praying for award of "(1) compensatory damages; (2) punitive damages; (3) equitable relief, including back pay and front pay; (4) costs and attorney's fees; (5) punitive damages; and (6) any other relief the Court deems proper"); ¶ 60 (praying for award of "compensatory damages; punitive damages; equitable relief; reasonable attorney's fees and

---

[1] Although Plaintiff did not demand a specific sum in the Complaint that was served on FNN, *see* Ex. 1, an Information Sheet that Plaintiff filed in the Superior Court Action on September 27, 2023, states that his demand is $5,000,000. Ex. 10. That Civil Information sheet was not part of what Plaintiff served on FNN, *see* Ex. 2, and was identified in the course of FNN's diligence prior to filing this Notice of Removal.

expenses; court costs; and any other relief the Court deems proper"); ¶ 66 (praying for award of "compensatory damages; punitive damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper"); ¶ 67 (praying for award of "compensatory damages; punitive damages; equitable relief; pre- and post-judgment interest; costs; attorney's fees; and any other relief the Court deems proper and just").

17. Notably, Plaintiff's annual salary was well in excess of the $75,000 jurisdictional threshold, and he now seeks both "back pay and front pay." Compl. ¶ 55.

18. Moreover, Plaintiff purports to bring claims under District statutes that Plaintiff alleges allow for recovery of attorney's fees. *E.g.*, Compl. ¶ 65 (citing D.C. Code § 32-1308); *see also* D.C. Code § 2-1403.16(b) (D.C. Human Rights Act cause of action provision, which incorporates by reference the relief identified in D.C. Code § 2-1403.13(a)).

19. Ultimately, any one of the categories of relief requested could easily be valued in excess of $75,000. *See, e.g.*, *Martini v. Fed. Nat'l Mortg. Ass'n*, 977 F.Supp. 464, 479 (D.D.C. 1997) (DCHRA discrimination plaintiff awarded compensatory damages for "emotional pain and suffering" well in excess of jurisdictional threshold of $75,000), *vacated on other grounds*, 178 F.3d 1336 (D.C. Cir. 1999); *Medina v. District of Colu*mbia, 643 F.3d 323, 325, 328 (D.C. Cir. 2011) (same).

20. On top of his other prayers for damages, Donner repeatedly prays for injunctive relief, which further supports the sufficiency of the amount in controversy to support this Court's jurisdiction. Compl. ¶¶ 42, 47, 55, 60, 66, 67. *See Pietrangelo v. Refresh Club, Inc.*, No. 18-CV-1943 (DLF), 2019 WL 2357379, at *8 (D.D.C. June 4, 2019) ("the prospect of changing [defendant's] practices and policies to conform to the DCHRA must be considered and valued in assessing [the amount in controversy requirement]").

21. In the event the Court questions or the Plaintiff disputes the satisfaction of the amount in controversy requirement, FNN reserves the right to submit further argument and evidence in support of the Court's jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

22. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the United States District Court for the District of Columbia is the federal judicial district and division embracing the Superior Court of the District of Columbia.

23. Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed on November 13, which is well within 30 days after October 16, 2023 – when FNN received service of the initial pleading in the Superior Court Action. As certified below, promptly after filing this notice in federal court, FNN is filing notice of the removal in the Superior Court Action.

24. By filing this Notice of Removal, FNN does not waive any rights, arguments, or defenses to the claims asserted by Plaintiff, or concede that Plaintiff has pled claims upon which relief can be granted.

25. FNN respectfully reserves the right to submit additional argument and/or evidence if Plaintiff challenges this notice of removal on any basis.

26. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, and FNN will promptly file a copy of this Notice of Removal in the Superior Court Action.

## CONCLUSION

27. For the reasons stated above, in accordance with 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, FNN hereby removes this action

to the United States District Court for the District of Columbia, and this Court has jurisdiction over further proceedings.

| | |
|---|---|
| Dated: November 13, 2023<br>Washington, D.C. | DECHERT LLP,<br><br>By: /s/ *Vincent H. Cohen, Jr.*<br>Vincent H. Cohen, Jr., Esq. (Bar No. 471489)<br>Christina G. Sarchio, Esq. (Bar No. 456254)<br>D. Brett Kohlhofer, Esq. (Bar No. 1022963)<br>1900 K Street, N.W.<br>Washington, D.C. 20006-1110<br>Tel:  202 261 3300<br>Fax: 202 261 3333<br>vincent.cohen@dechert.com<br>christina.sarchio@dechert.com<br>d.brett.kohlhofer@dechert.com<br><br>*Attorneys for Fox New Network, LLC* |

**CERTIFICATE OF SERVICE**

I, Vincent H. Cohen, Jr., hereby certify that on November 13, 2023, I filed the foregoing with the Clerk of Court using the CM/ECF system. In addition, I certify that on the same day, I have caused the foregoing to be served on counsel of record for the Plaintiff, as listed below by email and certified mail, return receipt at the addresses below:

> Brendan J. Klaproth (D.C. Bar No. 999360)
> Jesse C. Klaproth (D.C. Bar No. 90009387)
> Klaproth Law PLLC
> 2300 Wisconsin Ave NW, Suite 100A
> Washington, DC 20007
> bklaproth@klaprothlaw.com
> jklaproth@klaprothlaw.com

I hereby certify that a copy of the accompanying Notice of Filing Notice of Removal, Ex. 11, will be electronically filed promptly on November 13, 2023 with the Superior Court of the District of Columbia using eFileDC.

/s/ *Vincent H. Cohen, Jr.*
Vincent H. Cohen, Jr.