UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON DONNER,<br><br>*Plaintiff*,<br><br>v.<br><br>FOX NEWS NETWORK, LLC.<br><br>*Defendant*. | Civ. No. 1:23-cv-03401-CRC |

**JOINT REPORT ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH SUBPOENA ISSUED TO CONGRESSMAN FITZPATRICK**

Pursuant to the Court's minute order issued on November 15, 2024, Plaintiff Jason Donner ("Donner" or "Plaintiff") and Defendant Fox News Network, LLC ("Fox News") hereby submit this joint report on the discovery dispute concerning a subpoena issued by Fox News to Congressman Brian Fitzpatrick.

**I.      Joint Statement of the Case and Dispute**

Donner claims that he was fired by Fox News in violation of the D.C. Accrued Sick and Safe Leave Act ("Sick Leave Act"), D.C. Code § 32-531.01 *et seq*., in connection with taking sick leave on September 26, 2022. After Donner was fired by Fox News, he worked for the Office of Congressman Fitzpatrick from approximately January 1, 2023 until May 2024.

On October 17, 2024, Fox News issued a subpoena to Congressman Fitzpatrick seeking information pertaining to Donner. A copy of the subpoena is attached here as Exhibit 1. On October 23, 2024, Donner served written objections to the subpoena, which are attached here as Exhibit 2.

**II.     Plaintiff's Position[1]**

Prior to propounding discovery on Donner, Fox News issued a subpoena to Congressman Fitzpatrick seeking information wholly unrelated to the issues in the case. Fox News has been unable to articulate how the information it seeks is relevant or necessary (never mind proportional) to the claims or defenses in this case. As set forth below, the subpoena must be quashed as it seeks irrelevant information, is unduly burdensome, and is issued to annoy and harass the Plaintiff.

   **A.     Plaintiff has Standing to Object to the Subpoena; Fox News' Refusal to Acknowledge the Objections is Improper**

Despite Donner serving timely objections under Rule 45(d), which then shifts the burden to Fox News to compel compliance with the subpoena, Fox News has refused to acknowledge the written objections and instead has continued to seek enforcement of the subpoena. Fox News claimed Plaintiff lacks standing to object to the subpoena. Fox News is wrong. A party has standing to object to a subpoena if it seeks "some personal right or privilege in the information sought by the subpoena." *U.S. v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005); *Petruss Media Grp., LLC v. Advantage Sales & Mktg. LLC,* 347 F.R.D. 39, 43 (D.D.C. 2024). Donner has a privacy interest in his personnel file, his communications with the Congressman's office, and his compensation.[2]

   **B.     The Subpoena Seeks Irrelevant Information**

A subpoena may only seek ***relevant*** information consistent with Rule 26. *Coleman v. District of Columbia*, 275 F.R.D. 33, 36 (D.D.C. 2011). Under Rule 26(b)(1), a party may only obtain discovery "regarding any ***nonprivileged*** matter that is ***relevant*** to any party's ***claim or***

---

[1]     Despite the fact that Plaintiff served written objections under Rule 45(d) and then sought leave to quash the subpoena and move for a protective order, Plaintiff learned at 5:16 pm on November 19, 2024 (the deadline for this filing), that Fox continued its efforts to enforce the subpoena and obtain the documents before the Court could rule on this dispute. Accordingly, Plaintiff will be seeking leave to file a motion for sanctions.

[2]     Courts have routinely recognized the privacy interests in employment records. *EEOC v. Tex. Roadhouse, Inc.,* 303 F.R.D. 1, 2 (D. Mass. 2014) (hereinafter "*Tex. Roadhouse*").

*defense* and proportional to the needs of the case…" The sole claim in this case is whether Fox News retaliated against Donner for taking sick leave in violation of the Sick Leave Act.

The subpoena issued by Fox News, however, seeks information that bears no relevance on this issue. For example, the subpoena seeks, "all Documents that describe any job duties or responsibilities that Jason Donner had while employed by you and/or your office…" Ex. 1 at Req. No. 2. How is this relevant to whether Fox News violated the Sick Leave Act? Fox News cannot tell us. Fox News also seeks all documents that "contributed to the end of Mr. Donner's employment with you and or your office." *Id.* at Request No. 4. What is at issue is why Fox fired Donner, not why Donner left the Congressman's office. Similarly, Requests 6 and 7 seek information about Donner's compensation even though Plaintiff has stipulated that he is "not seeking backpay for the time period he was employed by Congressman Fitzpatrick's Office." *See* Ex. 2 and Obj.'s Nos. 6 and 7. Finally, Request 8 is a catchall seeking all documents concerning this case or the allegations in the Complaint. Ex. 1 at Request No. 8. If the Congressman, or any of his staff, has ever said anything about this case or the allegations in the case, how would that be relevant to whether Fox News retaliated against Donner for taking sick leave? It is not.

**C. The Subpoena is Unduly Burdensome and Issued to Annoy and Harras the Plaintiff**

Before a party seeks third-party discovery through a subpoena, it must first demonstrate that it cannot obtain the information from a party. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). Fox News only propounded discovery on Donner ***after*** issuing the subpoena. Similarly, given the adverse impact that subpoena can have on an individual's relationship with their employers, courts have found that such subpoenas "should only be used as a last resort." *Tex. Roadhouse, Inc.*, 303 F.R.D. at 3. Here, Fox News, issued the subpoena to the Congressman not as the "last resort," but instead as the very first thing it did in discovery. This, coupled with the breadth of the scope of the subpoena, demonstrates the impropriety in pursuing the subpoena.

### III. Defendant's Position

**The subpoena is not burdensome to Donner or harassing.** As is customary in employment cases,[3] Fox News subpoenaed the Congressman because he employed Donner immediately after he left Fox News and the Congressman is thus likely to have documents relevant to Donner's remaining Sick Leave Act claim and Fox News's defenses, including his employment application that might have discussed his termination from Fox News; payroll records that relate to Donner's mitigation of claimed economic, compensatory, and punitive damages; and other information that might contain admissions concerning his allegations. The Congressman has not raised a burden argument and, notwithstanding Donner's objections, produced certain documents.

**No privacy or other interest supports quashing.** Plaintiff recognizes he does not generally have standing under Rule 45 to quash a third-party subpoena, and his vague claim of a privacy interest in these records,[4] without more, is insufficient to meet his burden "to establish that a protective order should be granted or that a subpoena [ ] should be quashed." *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005) (citations omitted). There is also no requirement that "any particular type of discovery be sought before another,"[5] especially where, as here, there is a tight schedule and Plaintiff would not otherwise have possession of documents

---

[3] *See Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 395, 399 (W.D. Tenn. 2012) (collecting cases).

[4] Plaintiff relies on *E.E.O.C. v. Texas Roadhouse, Inc.*, 303 F.R.D. 1 (D. Mass. 2014), which involved a nationwide pattern and practice class action brought by the EEOC against a chain restaurant where the defendant subpoenaed ***all*** of the personnel files of the claimants' subsequent employers, and the magistrate concluded such discovery should be a last resort given the disruptive effect of the subpoena on claimants' current employment. Such a broad request is not made here, and Donner is no longer employed by the Congressman.

[5] *Progressive Cas. Ins. Co. v. Fed. Deposit Ins. Corp. for Sun W. Bank,* 2014 WL 12787793, at *3 (D.D.C. Jan. 9, 2014) (rejecting a claim of abuse of the discovery process based on the sequence of discovery sought).

from his former employer. To the extent Donner has any privacy interest in these records, a protective order, not quashing the subpoena, is the appropriate remedy. *Id.* at 24.

**The subpoena's scope is proper.** Rule 26(b)(1) requires only that discovery be relevant and proportional and is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on," any party's claim or defense. *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016). Each request meets this standard.

Requests 1 and 2 seek routine documents related to Donner's application, including background information on the job, duties, salary, and information he provided in his application. *See Montes v. M & M Mgmt. Co.*, 2015 WL 4040507, at *4 (S.D. Fla. June 30, 2015) (allowing discovery from current employer reflecting application, payroll, performance evaluations, attendance records, and disciplinary records). Requests 3, 4, and 5 seek documents where Donner shared information regarding his Fox News employment or this lawsuit, which can be used to challenge his credibility or for impeachment purposes. *See, e.g.*, *Goulet v. Mederi Caretenders VS of SWFL., LLC*, 2011 WL 652851, at *1 (M.D. Fla. April 9, 2012) (denying motion to quash subpoena because current employment records may contain plaintiff's statements regarding her past job). Request 4 calls for documents describing the end of Donner's employment, which are relevant to show whether the same performance and attendance problems he had at Fox News were also the cause of the termination of his employment with the Congressman, to undermine his claim for continuing emotional distress and compensatory damages, and to challenge his credibility. *See Washington*, 230 F.R.D. at 25 (records discussing plaintiff's other termination relevant). Although Donner tries to moot Requests 6 and 7 (compensation information), this information is relevant to mitigation efforts and damages, given that Donner still seeks benefits and other damages from Fox News. Accordingly, Fox News requests are relevant, and the Court should not quash the subpoena.

5

Dated: November 19, 2024

Respectfully submitted,

| | |
|---|---|
| /s/ Brendan J. Klaproth<br>Brendan J. Klaproth (D.C. Bar No. 999360)<br>Jesse C. Klaproth (D.C. Bar No. PA0063)<br>KLAPROTH LAW PLLC<br>2300 Wisconsin Ave NW, Suite 100A<br>Washington, DC 20001<br>Tel:  202-618-2344<br>Fax: 202-618-4636<br>Email: Bklaproth@klaprothlaw.com<br>Email: Jklaproth@klaprothlaw.com<br>*Attorney for Plaintiff* | /s/ Christina G. Sarchio<br>Vincent H. Cohen, Jr., Esq. (Bar No. 471489)<br>Christina G. Sarchio, Esq. (Bar No. 456254)<br>D. Brett Kohlhofer, Esq. (Bar No. 1022963)<br>DECHERT LLP<br>1900 K Street, N.W.<br>Washington, D.C. 20006-1110<br>Tel: (202) 261-3300<br>Fax: (202) 261-3333<br>vincent.cohen@dechert.com<br>christina.sarchio@dechert.com<br>d.brett.kohlhofer@dechert.com<br><br>J. Ian Downes (*Pro Hac Vice*)<br>DECHERT LLP<br>2929 Arch Street<br>Philadelphia, PA 19104<br>Tel: (215) 994-2000<br>Fax: (215) 994-2222<br>Ian.downes@dechert.com |